NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ORRIE McNEILL,

       Defendant.

Crim. No. 04-514 (WGB)

M E M O R A N D U M
O P I N I O N

---

**APPEARANCES:**

CHRISTOPHER J. CHRISTIE
United States Attorney
By:  Camelia M. Valdes, AUSA
970 Broad Street
Newark, New Jersey  07102

    Attorneys for United States

ROBERT J. DE GROOT, Esq.
56 Park Place
Newark, New Jersey 07102

    Attorney for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

On April 6, 2006, a jury found defendant Orrie McNeill ("Defendant") guilty of six counts relating to possession of firearms and illegal substances.  Defendant now moves for a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) or a new trial pursuant to Fed. R. Crim. P. 33.  Defendant's claims lack

1

merit and are unsubstantiated by the record and legal precedent.

For the reasons set forth below, the Court **denies** the Defendant's motions.

## Background

On June 3, 2004, the Linden police responded to a report of an injured female, Leslie Sanchez ("Sanchez") at the Swan Motel. (Def.'s Br. at 3.)  When the police arrived, both Sanchez and Defendant appeared to have blood on themselves, and Sanchez sought medical attention.  (Id.)  Defendant told the police that Sanchez accidentally hit her head on a piece of furniture in their motel room.  The police continued to question Defendant after Sanchez was taken away in an ambulance.  The police asked Defendant if anyone else was in the motel room, but instead of responding, as he turned to walk back to the room, Defendant took off running.  (Trial Transcript ("Tr.") 4/3/06 at 1.137:2-13; 1.138:23 - 1.139:13.)  After a foot chase, Defendant was apprehended by the police.

The police returned to the motel room and gained entry from motel staff to ascertain if anyone was left inside in danger or injured.  (Tr. 4/3/06 at 1.179:12 - 1.180:8.)  Upon entering the room, the police officers observed, among other things, a blood soaked pillow and sheets, drug paraphernalia, and glassine envelops.  (Tr. 4/3/06 at 1.144:12 - 1.145:15; 1.180:13 - 1.181:15.)  At that point, the Linden police secured the motel

2

room and applied for a search warrant with the Superior Court,
Union County, New Jersey to search the room and the vehicle
defendant arrived at the motel in, a Ford Taurus.  (Tr. 4/3/06 at
1.145:9-15; 1.188:7-22; 1.190:12-16.)  The search warrant was
obtained and the police, along with Drug Enforcement
Administration ("DEA") agents, conducted a search of the motel
room and the car.  (Tr. 4/3/06 at 1.190 12-16.)  During the
search of the motel room, the police uncovered more than one
kilogram of heroin, in addition to approximately 2,800 glassine
envelopes containing heroin, a loaded 9mm Smith and Wesson
handgun with an obliterated serial number and ammunition.  (Tr.
4/4/06 at 2.6 - 2.24.)

    On or about December 8, 2005, during the course of its
continued investigation, DEA agents located Fred Gilbert
("Gilbert"), Defendant's father, in Elizabeth, New Jersey.  (Tr.
4/4/06 at 2.82:3-22)  Gilbert was interviewed regarding a Ford
Explorer, registered to Gilbert, but which the DEA had reason to
believe Defendant used at or around the time of his June 3, 2004
arrest.  (Id.)  After obtaining Gilbert's consent, DEA searched
the car and located a hidden compartment located in front of the
dashboard behind an LCD screen.  (Tr. 4/4/06 at 2.83:9 -
2.84:25.)  The DEA was able to open the compartment and
discovered a loaded Walther PPK .380 caliber handgun, bearing an
obliterated serial number, approximately ten glassine envelopes

3

containing an off-white powdered substance, a social security card bearing Defendant's name, a birth certificate bearing Defendant's name, and various other documents bearing Defendant's name.  (Tr. 4/4/06 at 2.85:1-11.)

On April 6, 2006, after a three-day jury trial, Defendant was found guilty on each of the six counts charged in the Indictment.[1]  Defendant now moves the Court to grant a new trial or judgment of acquittal pursuant to Fed. R. Crim. P. 29 and 33.

### Standard of Review

**A. Rule 29 Motion**

A defendant may move for entry of a judgment of acquittal if "the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  In reviewing the sufficiency of the evidence supporting a jury's guilty verdict, the Court must view the evidence "in the light most favorable to the government and must

---

[1]  The Indictment charged Defendant with the following: (Count One) possessing with intent to distribute one kilogram or more of heroin on or about June 3, 2004, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(I); (Count Two) possessing a firearm in furtherance of a drug trafficking crime on or about June 3, 2004, in violation of 18 U.S.C. § 924(c); (Count Three) possessing with intent to distribute a quantity of heroin from at least June 3, 2004 through about December 8, 2005, in violation of 21 U.S.C. § 841(a) & (b)(1)(c); (Count Four) possessing a firearm in furtherance of a drug trafficking crime from at least June 3, 2004 through about December 8, 2005, in violation of 18 U.S.C. § 924(c); (Count Five) being a felon in possession of a loaded firearm and ammunition on or about June 3, 2004, in violation of 18 U.S.C. § 922(g)(1); (Count Six) being a felon in possession of a loaded firearm and ammunition from at least June 3, 2004 through about December 8, 2005, in violation of 18 U.S.C. § 922(g)(1).

4

sustain a jury's verdict if a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." United States v. Tyler, 281 F.3d 84, 99 (3d Cir. 2002)(quoting United States v. Rosario, 118 F.3d 160, 163 (3d Cir. 1997)) (internal quotation marks omitted). The Court must presume that the jury properly evaluated the credibility of witnesses, properly found the facts, and drew justifiable inferences from the evidence. United States v. Menon, 24 F.3d 550, 564 (3d Cir. 1994); United States v. Coleman, 811 F.2d 804, 807 (3d Cir. 1987). In particular, a court's reversal of a conviction on the grounds of insufficient evidence must be "confined to cases where the prosecution's failure is clear." United States v. Leon, 739 F.2d 885, 891 (3d Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)) (internal quotation marks omitted). "[T]he evidence does not need to be inconsistent with every conclusion save that of guilt if it does establish a case from which the jury can find the defendant guilty beyond a reasonable doubt." Id. (citing United States v. Allard, 240 F.2d 840, 841 (3d Cir. 1957)) (internal quotation marks omitted).

**B. Rule 33 Motion**

Pursuant to Rule 33, the trial court may, in the interest of justice, vacate the judgment and grant a new trial. "A district court can order a new trial on the ground that the jury's verdict

is contrary to the weight of the evidence only if it believes that there is a serious danger that a miscarriage of justice has occurred--that is, that an innocent person has been convicted." United States v. Brennan, 326 F.3d 176, 189 (3d Cir.), cert. denied 540 U.S. 898 (2003) (internal quotation marks and citations omitted).  "Thus, 'motions for a new trial based on the weight of the evidence are not favored.'"  Id. (quoting Virgin Islands v. Derricks, 810 F.2d 50, 55 (3d Cir. 1987).  In determining whether an innocent person has been convicted, a district court "does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case."  Id.

## Discussion

Defendant asserts the following three claims: (1) the trial evidence was insufficient to support his conviction for possession of a firearm in furtherance of a drug trafficking crime because "[Defendant's] firearms were completely inaccessible while he was selling drugs," (Def.'s Br. at 27); (2) the Court erred, and it should therefore vacate Defendant's conviction, because it denied Defendant's request to admit the entire 911 dispatch tape and transcript; and (3) generally, "there was insufficient evidence adduced at trial to sustain a conviction."  (Id. at 35.)

6

**A.    The Accessability of Defendant's Firearms**

Defendant contends that the evidence presented at trial was insufficient to support a conviction under 18 U.S.C. § 924(c) for firearms possession because neither of the weapons found could have been used "in furtherance" of a drug trafficking crime. Defendant argues that the government "presented only enough evidence to prove that [he] stored the weapon[s]" but offered no specific connection linking the weapons to his drug trafficking activities.[2]  (Id. at 26.)

The Third Circuit has held that the following "nonexclusive factors" are relevant to the determination of whether possession of a firearm was in furtherance of a drug trafficking crime: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found." United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004).  "While location of a firearm is admittedly relevant, immediate accessibility at the time of search or arrest is not a legal requirement for a § 924(c) conviction."  Id.

The Court finds that the evidence presented at trial

_____

[2]  In the interest of judicial economy it is unnecessary for the Court to explain away every case cited in Defendant's Brief. (See Def.'s Br. at 7-28.)

demonstrated more than Defendant's mere possession of the firearms.  Defendant's arguments that the "firearms were completely inaccessible while he was selling drugs" and that "there [was] no testimony or evidence that specifically ties [Defendant's] firearms to his drug trafficking" are baseless. (Def.'s Br. at 27-28.)  Defendant admits that he "had dominion and control of a firearm which he kept in the same room as illegal drugs." (<u>Id.</u> at 24.)  It was established at trial that Defendant was a felon in illegal possession of loaded firearms with defaced serial numbers.  The firearms were strategically located along with drugs packaged for sale.  Contrary to Defendant's claims, the guns were placed so that they were immediately available for Defendant's protection during his drug trafficking (Tr. 4/4/06 at 2.6 - 2.24); therefore, a reasonable jury could have assumed that the gun found on June 3, 2004, in Defendant's backpack along side heroin packaged for sale in Defendant's motel, and the gun found on December 8, 2005, inside the hidden compartment of the Ford Explorer with drugs packaged for sale, were possessed in furtherance of Defendant's drug activities.  (<u>Id.</u>); <u>Sparrow</u>, 371 F.3d at 854.

**B.  Defendant's Request to Admit the Entire 911 Dispatch Tape Transcript**

Defendant moves for a new trial under Fed. R. Crim. P. 33 based on the Court's April 3, 2006 decision, (<u>see</u> Tr. 4/5/06 at

8

3.57:7 – 3.63:2), to deny Defendant's request to admit the entire 911 dispatch tape transcript.  Defendant makes the identical arguments he did in his Supplemental Brief filed with the Court on February 14, 2006; that the tape and tape transcript should have been admitted under the present sense impression and excited utterances exceptions to hearsay under Fed. R. Evid. 803(1) and 803(2).[3]

1.   Present sense impression

Federal Rule of Evidence 803(1) provides that a present sense impression is "[a] statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."  In order for a hearsay statement to be admitted under the present sense impression exception it must meet three requirements: "(1) the declarant must have personally perceived the event described; (2) the declaration must be an explanation or description of the event rather than a narration; and (3) the declaration and the event described must be contemporaneous."  United States v. Mitchell, 145 F.3d 572, 576 (3d Cir. 1998).

Most of the statements, in particular the statements that were material to the Defendant's request, did not meet these

_____

[3]   The Court again notes that Defendant's purpose in attempting to admit the 911 tape transcript was to prove the that the search was illegal; however, the legality of the search was not an issue for the jury.  (Tr. 4/5/06 at 3.61:8 – 3.62:2); see United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).

three requirements.  Defendant relied on the conversation between two officers in which one officer states "[t]hey said there's probably a kilo there or half a kilo"[4] and on another conversation in which a second officer states that "[n]arcotics is probably going to charge her anyway, because they supposed – they're finding a lot of stuff in that room. . . ."  (Def.'s Br. at 30; see also Def.'s Supp. Br. for Various Relief filed 2/14/06 at 5 (citing 911 Transcript 19:4-5; 21:10-14).)

The Court determined that based on the transcript, the time listed on the signed statement of the Defendant's girlfriend and the time listed on the warrant application, the statements were made before the officers were able to secure a search warrant. Furthermore, the statements themselves contradict Defendant's assertion that it meets the requirements of a present sense impression.  Both declarants discuss what "they" said or what "they're" finding, indicating that the declarants did not personally perceive the events they are discussing.  See Mitchell, 145 at 572 (vacating trial court decision admitting anonymous note regarding robbery where there was no evidence that the person who wrote the note personally perceived what was described); see also United States v. Canan, 48 F.3d 954 (6th

---

[4]  The Court notes that the statement "[t]hey said there is probably a kilo there . . . ." also constitutes hearsay within hearsay requiring a separate exception.  See United States v. Stallins, 993 F.2d 344 (3d Cir. 1993).

Cir. 1995) (emphasizing the importance of firsthand knowledge as an indicator of trustworthiness).  The declaration is more of a narration of what the declarants were told instead of an explanation of an event the declarants were observing themselves. Moreover, there is absolutely no evidence that the statements were made contemporaneous with the event described.  See id. These 911 statements were inadmissible under the present sense impression exception to the hearsay rule; therefore, the Court finds no justification for granting a new trial on this ground.

    2.   Excited utterance exception

    Federal Rule of Evidence 803(2) describes an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."  The requirements for admissibility under the excited utterance exception are "(1) a startling occasion, (2) a statement relating to the circumstances of the startling occasion, (3) a declarant who appears to have had opportunity to observe personally the events, and (4) a statement made before there has been time to reflect and fabricate."  Mitchell, 145 F.3d at 576.

    There is no evidence that the declarants were responding to a startling event.  Defendant contends that all the officers on the 911 call were "in the midst of an intense investigation," which constituted a "non-stop startling event."  (Def.'s Br. at

11

33.)  The transcript, however, is clear that although the
officers were discussing the investigation, the Defendant and his
girlfriend were in police custody, the officers were waiting on a
search warrant and any excitement from the initial arrest had
subsided.  The rationale for the excited utterance exception
"lies in the notion that excitement suspends the declarant's
powers of reflection and fabrication, consequently minimizing the
possibility that the utterance will be influenced by self-
interest and therefore rendered unreliable." United States v.
Brown, 254 F.3d 454, 458 (3d Cir. 2001).  Nothing in the
declarants' statements evidences any excitement from a startling
event, which would have made these statements more reliable and
brought them under the excited utterance exception; therefore, a
new trial is unwarranted on this ground.

**C.   Insufficient Evidence**

     Defendant makes a general argument that there was
insufficient evidence to sustain a conviction of the offenses
charged.  (Def.'s Br. at 35-37.)  Defendant essentially restates
the facts of the case and concludes that "[t]hese events when
viewed in the totality of the presentation of evidence clearly
show that the testimony of the officers is insufficient on which
these convictions may be based."  (Id. at 37.)

     Whether the standard of review applied is pursuant to Rule
29 or pursuant to Rule 33, Defendant's arguments are baseless.  A

court's reversal of a conviction on the grounds of insufficient evidence must be "confined to cases where the prosecution's failure is clear." United States v. Leon, 739 F.2d 885, 890-91 (3d Cir. 1984) (citing Burks v. United States, 437 U.S. 1, 17 (1978)).  The decision to grant a new trial is within the discretion of the trial court.  See United States v. Console, 13 F.3d 641, 665 (3d Cir. 1993).

The Court finds that the evidence against this Defendant was overwhelming.  The government established more than sufficient evidence to permit the jury to find beyond a reasonable doubt that Defendant was engaged in possession with the intent to distribute heroin and was in possession of loaded and defaced firearms in furtherance of drug trafficking crimes.  The jury had all the evidence it needed to conclude that Defendant was guilty of each count charged in the indictment.  Moreover, the Court perceives no miscarriage of justice.  Accordingly, Defendant's motion for judgment of acquittal or a new trial is denied.

### Conclusion

For the foregoing reasons, the Court **denies** Defendant's motion for a judgment of acquittal and for a new trial.  An appropriate order follows.

/s/ William G. Bassler
WILLIAM G. BASSLER, U.S.S.D.J.

Dated: July 17, 2006

13